```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MICHIGAN
                        SOUTHERN DIVISION
```

CURTIS BURNS, Jr.,
                                        CIVIL CASE NO. 04-40212
                Plaintiff,
v.                                      HONORABLE PAUL V. GADOLA
                                        U.S. DISTRICT JUDGE
COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

Before the Court is a Report and Recommendation of the Honorable Mona K. Majzoub, United States Magistrate Judge. The Magistrate Judge recommends that the Court grant Defendant Commissioner's motion for summary judgment and deny Plaintiff's motion for summary judgment. Plaintiff filed objections to the Magistrate Judge's report and recommendation on May 31, 2005. For the reasons stated below, the Court will overrule the objections and accept the report and recommendation.

I.   **LEGAL STANDARD**

The Court's standard of review for a Magistrate Judge's report and recommendation depends upon whether a party files objections. If a party objects to portions of the report and recommendation, the Court reviews those portions de novo. <u>Lardie</u>, 221 F. Supp. 2d at 807. The Federal Rules of Civil Procedure dictate this standard

of review in Rule 72(b), which states, in relevant part, that

> [t]he district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b). Since Plaintiff has filed objections, this Court will review the Magistrate Judge's conclusions de novo. See Lardie, 221 F. Supp. 2d at 807.

De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. See 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); see also Hill v. Duriron Co., 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. See Lardie, 221 F. Supp. 2d at 807.

**II. ANALYSIS**

Plaintiff first notes a typographical error in the first paragraph of the report and recommendation. The report and

recommendation states that "[t]he decision of the Commissioner **is not** supported by substantial evidence on the record." Rep. & Rec. at 1 (emphasis added). It is clear, however, from the context that the sentence should read: "[t]he decision of the Commissioner **is** supported by substantial evidence on the record." Id. (emphasis added). Plaintiff is correct that there is a typographical error, which this discussion has now clarified for the record.

Plaintiff also objects that the Magistrate Judge referred to "available" jobs instead of "existent" jobs in the context of discussing the vocational expert's testimony. Although Plaintiff is correct about the terminology distinction, the Court finds this use of terminology to be immaterial to the Magistrate Judge's conclusions.

Plaintiff's then reviews the Magistrate Judge's summary of the Plaintiff's medical history. Plaintiff's first objection appears to be that the facts "more than amply supported the Plaintiff's complaints of pain, limitations and need to lie down." Obj. at 4. The issue before the Court is not whether Plaintiff's limitations are supported by the record, but rather whether the Administrative Law Judge's contrary decision is supported by substantial evidence in the record. See Rep. & Rec. at 1, 7. As the Sixth Circuit has noted, "[t]he decision of an [Administrative Law Judge ("ALJ")] is not subject to reversal, even if there is substantial evidence in

the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997). Consequently, this objection regarding the support for his limitations in the record is overruled.

Plaintiff next objects that the Magistrate Judge's report and recommendation omits a discussion of Social Security Ruling 96-7p. It is true that the report and recommendation does not discuss this ruling. The Court, however, has reviewed this ruling and does not consider this ruling to require rejection of the Magistrate Judge's recommendation.

The Court has also reviewed the record in this case and determines that there is substantial evidence that Plaintiff is not disabled because he retained the functional capacity to perform a significant number of jobs in the economy. A review of the record demonstrates that there is sufficient evidence to make this determination. Courts have noted that "[t]he substantial evidence standard presupposes that there is a 'zone of choice' within which the [Commissioner] may proceed without interference from the courts." Reed v. Sec'y of Health & Human Servs., 804 F. Supp. 914, 918 (E.D. Mich. 1992); see also Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001) (quoting Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986))). In this case, the Court finds substantial evidence

in the record for the ALJ's decision. (See, e.g., Tr. at 122; 124; 194; 197 (Plaintiff's "low back and lower extremities are feeling 'pretty good'. The pain is now intermittent occurring a couple of times a day and only lasting for less than an hour or so" on January 9, 2001); 468 ("trip to Virginia went well" in September 2003)).

The Court notes that a different decision by the ALJ in this matter might also be proper and based on substantial evidence. The role of the federal courts, however, is limited in reviewing administrative decisions. A decision of the Commissioner to deny benefits must be upheld where that decision is reasonably drawn from the record and is supported by substantial evidence, "<u>even if that evidence could support a contrary decision</u>." <u>DeVoll v. Comm'r of Soc. Sec.</u>, No. 99-1450, 2000 WL 1529803, at *3 (6th Cir. Oct. 6, 2000) (citing <u>Her v. Comm'r of Soc. Sec.</u>, 203 F.3d 388, 389 (6th Cir. 1999); <u>Key v. Callahan</u>, 109 F.3d 270, 273 (6th Cir. 1997)) (emphasis added). "This is so because there is a 'zone of choice' within which the Commissioner can act, without the fear of court interference." <u>Buxton</u>, 246 F.3d at 773 (quoting <u>Mullen</u>, 800 F.2d at 545). In this case, Defendant Commissioner is within that zone.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the report and recommendation [docket entry 15] is **ACCEPTED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiff's objections to the Magistrate Judge's report and recommendation [docket entry 16] are **OVERRULED.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment [docket entry 8] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant Commissioner's motion for summary judgment [docket entry 13] is **GRANTED.**

Dated: June 7, 2005                         s/Paul V. Gadola
                                            HONORABLE PAUL V. GADOLA
                                            UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on  June 8, 2005 , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
              James Brunson and Kenneth Laritz                                                    , and
I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____ .

                                             s/Julia L. Delling
                                            Julia L. Delling, Case Manager
                                            (810) 341-7845